# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ANTHONY EKEH,                              Case Nos. 1:25-cv-436, 1:25-cv-437
      Plaintiff,                         Cole, J.
                                          Litkovitz, M.J.
    vs.

CLARK COUNTY MUNICIPAL                    **REPORT AND**
COURT, et al.,                            **RECOMMENDATION**
      Defendants.


Plaintiff, a resident of Roseville, Minnesota, has filed two pro se complaints against the Clark County, Ohio Municipal Court, the Penske Truck Leasing "Cooperation" L.P. ("Penske Truck"), Milos Mitic, Toni LNU, Ivan LNU, Jermaine Rocker, Elvis Rambanapas, Brandon Turner, and Mallory Horton.   (Doc. 1-1).   By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaints to determine whether the complaints or any portion of them should be dismissed because they are frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.   *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

### Screening of Complaint

#### A.     Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Complaints**

**1.    *Ekeh v. Clark County Municipal Court*, No. 1:25-cv-436**

Plaintiff's complaint is rambling and difficult to decipher. As best the Court can discern, plaintiff appears to allege the defendants and others took a variety of actions against him in connection with his employment as a truck driver. Plaintiff alleges the "State of Ohio, Clark County in Springfield infringed my civil liberties because of resentment of a protected status and their association with the defendants, mainly Pennsylvania's Monroe County Court of Common Pleas, when they arrested me on 07/17/2024 and prosecuted me without cause. The case 1:24-CR-576, is still maintained for a reason other than justice." (Doc. 1-1 at PAGEID 7). Plaintiff's complaint includes a "motion to dismiss" seeking to dismiss the pending indictment

3

against him in the Clark County Court of Common Pleas.   (*Id*. at PAGEID 57-58).[1]

### 2.   *Ekeh v. Penske Truck Leasing Co. L.P.*, No. 1:25-cv-437

Plaintiff's complaint in this case alleges a "FOURTH AMENDMENT" violation against

defendant Penske Truck:

> Privacy Invasion, Because of a protected status e.g. color, national origin.   Penske truck Leasing Cooperation L.P. invaded my privacy by sharing my rental unit contract information with the defendants, mainly Milos Mitic.   Exposing my business activities to desperate criminal individuals, cooperations and law enforcement agencies that are not of my interest.   Which eventually lead to an unlawful search and seizure and arrest in Springfield Ohio in July 2024 and ending my job.

(Doc. 1 at PAGEID 7).   The complaint further alleges a violation of "Title 18 Chapter 25,

U.S.C. Section 1342. Ohio Revised Code Section 2913.31, Fictitious name or Address, Fraud

and Intent to Defraud":

> Forgery or Document manipulation, in solidarity with the defendants, Penske forged my rental contract document with the intent to end my work, deceive and help the defendants so-me of   which are very important customers with the cooperation e.g. Milos (who may have devised this particular idea, following a similar one in Lansing IL earlier) to cause death.   On 07/17/2024 they altered my information on the rental contract with unit 471058 VIN-5PVNJ-7AV8P5751080 and plate # 3263224 to someone else, named Mr. Williams instead of my name without my consent.   Mainly because of the irritation my disability causes.   While Elvis, Mallory and Babatunde specializes in monitoring my activities with owner operators and asking for my location and the trucks, in other to strategically force delinquency.   Milos and the affected law enforcement from Pennsylvania and Ohio on the other hand devise mechanisms to provoke accidental death from the Police mainly using unlawful arrest,

(*Id*.).

---

[1] The Clark County, Ohio Clerk of Court's docket indicates that plaintiff was indicted on one count of receiving stolen property, a felony of the fourth degree, in July 2024.   That case is still pending.   *See* https://eservices.clarkcountyohiocourt.com/eservices (located by name search) (last visited on July 7, 2025).

### 3. Allegations common to both complaints

Both complaints also allege a violation of "Title 42 U.S.C. Section 12101, Americans

with Disabilities." The complaints allege:

> Disability Discrimination, In conspiracy, I have been treated with indignation and
> resentment based on a protected status and mainly a disability that causes loathe.
> They are acting in a prejudiced way through systematic interclass and associative
> harassment. They have since created a hostile work environment, depriving me
> employment and a proper legal counsel, using privacy enabling tactics and accesses
> to my activities through government institutions like USDOT, SSA, IRS and NPRC
> that are associational and discriminatory.

(Doc. 1-1 at PAGEID 7).

The complaints further allege: "Amy Yager, a USDOT officer from Illinois, acquainted

to Milos Mitic[] [h]ave constantly been monitoring my USDOT account against progress.

Humiliating me through unfair sarcasms, insults, and criticisms. In front of co-workers,

management, customers and brokers. Sabotaging my work and making derogatory remarks.

Usually through transportation monitoring websites like freight guard, DAT and Truck stop."

(*Id*. at PAGEID 8).

Plaintiff's complaints also include numerous pages entitled "Court Statement" in which

plaintiff alleges, *inter alia*:

> Since I nailed Mallory Horton, Elvis Rambanapas and their very strategic,
> influential friends, in a fraud and murder case in Pennsylvania 2023. After much
> denial and resistance, they have Stopped at nothing in trying to get rid of me, in
> other to avoid prosecution through legal action. By weaponizing money,
> malicious prosecutions, illegal search and seizures of very confidential properties,
> unlawful detainment, surveillance abuse by the police, and them, among other
> associative and interclass harassment and provocative strategies. . . .
>
> ***
>
> Afraid of been (sic) located, Elvis has changed his companies name which used to
> be Ramsden Dispatch Solutions LLC, MC-1353241. . . . And rendered it inactive.

5

And formed alliance with Ivan, Toni, Milos Mitic, Jermaine Rocker and Brandon Turner. . . . In constantly illegally spying on my activities, for the same reason. And leaving me vulnerable and with little or no privacy. While working with Ivan and Toni, not too long ago, they disrespectfully repossessed their equipment that was due to be returned the next week. With my client's property in it. And has since refused to return it. Because I had recently quit earlier, from working with them.

*** 

Not knowing their connection, I shortly started working with Milos, a compatriot of Ivan and Toni in Illinois, Following his ad. He is assuming, a valued customer of Penske truck Leasing Cooperation, and in trying to help prevent legal proceedings against Ivan and Toni, upon realizing my ordeal with them. He stopped dispatching me and lied that the market was slow. Something I argued with, because load boards had otherwise. He hoped I would quit out of frustration, but I didn't. Realizing this, I then punished him by taking a few weeks off with his equipment, though alerted him, and in witness of another local police officer by him. For wasting my time. By not only visiting a clinic with his equipment, but also doing work with it, on my way back with Rocker Logistics authority. This angered him, and in revenge, he tried to stage a wrongful arrest, aimed at causing an accidental death, in the process. . . .

(*Id*. at PAGEID 12-13). The "Court Statement," which is identical to both complaints, continues in a similar vein for several pages. As relief, plaintiff seeks the dismissal of the state court criminal action against him, "ownership of the Penske truck Leasing Cooperation L.P.'s property," and over $20 million in damages.

## C. Resolution

The complaints fail to state a claim for relief against the named defendants. As an initial matter, to the extent plaintiff alleges in Case No. 1:25-cv-436 that defendant Clark County Municipal Court violated his constitutional rights, the Clark County Municipal Court is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the

6

state in which the district court is held. . . ."   Fed. R. Civ. P. 17(b).   The Ohio Supreme Court

has concluded that Ohio courts are not sui juris.   "Absent express statutory authority, a court can

neither sue nor be sued in its own right."   *Malone v. Court of Common Pleas of Cuyahoga*

*County*, 344 N.E.2d 126, 128 (Ohio 1976) (quoting *State ex rel. Cleveland Municipal Court v.*

*Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973)).   *See Hawkins v. Youngstown Mun.*

*Court*, No. 4:12-cv-1029, 2012 WL 4050167, at *2 (N.D. Ohio Sept. 13, 2012) (Youngstown

Municipal Court is not *sui juris,* meaning it is not a legal entity that can sue or be sued; court is

merely a subunit of the municipality it serves); *Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874,

2009 WL 806653, at *4-5 (S.D. Ohio March 26, 2009) (holding that the Warren County, Ohio

Court of Common Pleas and City of Franklin Municipal Court are not sui juris).   Therefore, the

complaint fails to state a claim for relief against the Clark County Municipal Court.

The complaints also fail to state a claim for relief under the Fourth Amendment against

defendant Penske Truck.   The complaint in Case No. 1:25-cv-437 appears to allege that

defendant Penske Truck violated plaintiff's Fourth Amendment rights when it shared his "rental

unit contract information with the defendants," which then "eventually lead (sic) to an unlawful

search and seizure and arrest in Springfield Ohio in July 2024 and ending my job."   (Doc. 1-1 at

PAGEID 7).   In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that a

person acting under color of state law deprived him of some right secured by the Constitution or

laws of the United States.   *Graham v. National Collegiate Athletic Ass'n,* 804 F.2d 953, 957 (6th

Cir. 1986) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled in part on other*

*grounds, Daniels v. Williams,* 474 U.S. 327 (1986)).   Plaintiff's Fourth Amendment claim

against defendant Penske Truck cannot proceed because there are no allegations plausibly stating

7

state action as required under § 1983.   As explained by one court in a similar case:

> One possible statute, 42 U.S.C. § 1983, provides a cause of action for denial of [a constitutional right] against state government officials.   *Parratt v. Taylor,* 451 U.S. 527, 535 (1981).   The [defendant] is a private party, not a government entity. A private party may be held liable under § 1983 only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982).   A Defendant may also be considered a state actor if the Defendant exercises powers traditionally reserved to a state.   *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352 (1974).   There are no facts in the Complaint to suggest that in this case, the [defendant] could be sued as a government entity under § 1983.

*Moore v. Horseshoe Casino,* No. 1:15-cv-471, 2015 WL 4743804, at *2 (N.D. Ohio Aug. 11, 2015).   Likewise, plaintiff in this case has failed to allege conduct that could plausibly be characterized as state action.   Therefore, his § 1983 constitutional claim against defendant Penske Truck should be dismissed.

To the extent plaintiff alleges defendants violated the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the complaint fails to allege facts showing plaintiff was an employee, as opposed to an independent contractor, of any of the defendants.   *See Shah v. Deaconess Hosp.*, 355 F.3d 496, 499 (6th Cir. 2004) ("As a general rule, the federal employment discrimination statutes protect employees, but not independent contractors.") (citing *Johnson v. City of Saline,* 151 F.3d 564, 567-69 (6th Cir.1998) (ADA)).   More importantly, the Court is unable to discern what actions, if any, the specific defendants took to violate plaintiff's rights under the ADA and where the allegedly unlawful employment practices occurred.   The Court is unable to conclude that plaintiff states a plausible claim under the ADA.

As to the remaining allegations, the Court is unable to discern a viable federal or state court claim against the remaining defendants.   Plaintiff's complaint is rambling, disjointed and

replete with legal conclusions couched as factual allegations that fail to state a plausible claim for relied. *See Twombly*, 550 U.S. at 555. Plaintiff's complaints provide no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's state or federal rights. *Iqbal*, 556 U.S. at 678.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint against defendant Clark County Municipal Court be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The complaints against all other defendants be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 7/7/2025

Karen L. Litkovitz
United States Magistrate Judge

9

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ANTHONY EKEH,                                     Case Nos. 1:25-cv-436, 1:25-cv-437
      Plaintiff,                                Cole, J.
                                                  Litkovitz, M.J.
      vs.

CLARK COUNTY MUNICIPAL
COURT, et al.,
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).